# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANE DOE** | **CIVIL ACTION** |
| **VERSUS** | |
| **DAVID N. MATLOCK, ET AL.** | **NO. 24-00849-BAJ-RLB** |

## RULING AND ORDER

Before the Court is Defendant David N. Matlock's **Motion to Dismiss**, filed in his individual capacity. (Doc. 24). The Motion is unopposed. For the reasons stated herein, the Motion is **GRANTED.**

This case arises out of repeated and sustained sexual abuse that Plaintiff endured as a minor. (Doc. 1). Plaintiff alleges that from 2011 to 2019, between the ages of 6 and 14, Defendant John N. Mack repeatedly physically and sexually abused her. (*Id.* at ¶ 6). Mack also allegedly trafficked Plaintiff to his friends to abuse her. (*Id.* at ¶ 7). Plaintiff alleges that the Louisiana Department of Children and Family Services ("DCFS") was notified regarding Mack's abuse of Plaintiff. (*Id.* at ¶ 11). Plaintiff alleges that DCFS's failures and deliberate indifference caused her to continue to be sexually abused by Mack for another 7 years until she was 14 years old, resulting in dozens more sexual assaults and incalculable trauma. (*Id.* at ¶ 39).

On October 14, 2024, Plaintiff filed suit against David N. Matlock, in his individual and official capacity as Secretary of DCFS, and against John N. Mack, her abuser. (Doc. 1). Plaintiff asserts the following causes of action: (1) violation of Fourteenth Amendment rights, through 24 U.S.C. § 1983, against Defendant

Matlock; and (2) state law claims against Defendant Mack. (Doc. 1).

Defendant Matlock then moved to dismiss Plaintiff's claims for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 12).

On September 22, 2025, the Court issued a Ruling and Order granting in part and denying in part Matlock's Motion to Dismiss. (Doc. 21). The Court dismissed Plaintiff's Section 1983 claims against Matlock in his official capacity. The Court reasoned: "As an arm of the state, DCFS is not a 'person' who can be sued under Section 1983. This applies, by extension, to Defendant Matlock in his official capacity as Secretary of DCFS." (*Id.* at 7).

Matlock also asked the Court to find that he was entitled to qualified immunity with respect to Plaintiff's Section 1983 claims against him in his individual capacity. (Doc. 21 at 8–13). The Court denied Matlock's request to invoke qualified immunity without prejudice to the right to re-urge the argument in response to Plaintiff's Amended Complaint. (*Id.* at 13). Finding that Plaintiff argued in her briefing that "[c]hildren, like Plaintiff, who were removed from their home and placed in foster care have a 'special relationship' with the state that triggers Fourteenth Amendment due process protections[,]" but that Plaintiff's Complaint was not adequately clear regarding Plaintiff's custody status at the time of the abuse, the Court provided Plaintiff 21 days to amend her Complaint to cure this issue. (*Id.* at 8–14). In doing so, the Court emphasized the "quite egregious harm" alleged in this case. (*Id.* at 12).

On October 10, 2025, Plaintiff moved for a 14-day extension of time to amend

her Complaint, representing that she "require[d] additional time to gather the necessary information to properly amend the Complaint in accordance with the Court's order." (Doc. 22 at 1). The Magistrate Judge granted Plaintiff's request for an extension and ordered Plaintiff to file her Amended Complaint on or before October 27, 2025. (Doc. 23).

Now, approximately eight months have passed, and Plaintiff has not amended her Complaint. Matlock has again moved to dismiss Plaintiff's Section 1983 claim against him in his individual capacity based on Plaintiff's failure to amend her Complaint. (Doc. 24). More than six months have passed since the filing of Matlock's Motion, and Plaintiff has not opposed the Motion or otherwise moved for relief. Accordingly, the Court must grant Matlock's Motion and dismiss Plaintiff's Section 1983 claims against Matlock in his individual capacity.

After granting Matlock's Motion, the only remaining claims before the Court are Plaintiff's state law claims against Mack. The Court may decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

Where the Court has original jurisdiction, it may generally exercise "supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same cause or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Court may decline to exercise supplemental jurisdiction, however, under Section 1367(c), which provides:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1) the claim raises a novel or complex issue of State law,

3

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Given that all of Plaintiff's federal claims are subject to dismissal, the Court may properly exercise its discretion in declining supplemental jurisdiction over all remaining state law claims. *See Kelly v. 18th Jud. Dist. Ct.*, No. CV 24-970-SDD-RLB, 2025 WL 1831361, at *4 (M.D. La. June 10, 2025), *report and recommendation adopted*, No. CIVIL ACTION 24-970-SDD-RLB, 2025 WL 1828630 (M.D. La. July 2, 2025), *motion for relief from judgment denied*, No. CV 24-970-SDD-RLB, 2026 WL 706251 (M.D. La. Mar. 12, 2026). Here, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Mack and dismisses these claims without prejudice.

Accordingly,

**IT IS ORDERED** that Defendant David N. Matlock's **Motion to Dismiss (Doc. 24)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Section 1983 claims against David N. Matlock in his individual capacity are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendant John N. Mack.

4

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant John N. Mack are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that that the above-captioned matter be and is hereby **DISMISSED**.

Baton Rouge, Louisiana, this 30th day of June, 2026

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**